## MARY LINDSEY CORREA, NEE MARY K. LO, *v.* WAIAKEA MILL COMPANY.

### No. 1772.

Filed February 20, 1928.     Decided March 19, 1928.

Perry, C. J., Banks and Parsons, JJ.

*Per Curiam.* The defendant thinks the opinion which was rendered in this case (*ante* p. 276) is erroneous in certain respects and therefore requests a rehearing.

The first ground of complaint is that this court incorrectly decided that there was no averment in the amended plea in bar that the plaintiff had failed to harvest the crop. In this connection our attention is called to the following averment in the plea: "That the defendant, solely for the purpose of protecting and satisfying said lien, heretofore, to wit, on March 8th, 1920, entered said Lot No. 1409 and, having entered, cut and harvested the said cane thereon growing, and marketed and sold the same in accordance with the said contract of August 12th, 1918."

The defendant contends that it appears from this averment that its acts in entering upon the premises and harvesting, marketing and selling the crop were done in accordance with the provisions of the contract of August 12, 1918, and that in the absence of demurrer this is a sufficient showing that the plaintiff had failed to harvest the crop. The averment does not sustain the contention. The averment is not that the defendant's *entry* upon the land was in accordance with the contract, but that, having entered, what it did subsequently was in accordance with the contract. Under the contract the defendant was not entitled to *enter* the land even for the purpose of protecting and enforcing its lien unless there was a failure or neglect by the plaintiff to properly harvest the crop. If, however, we were in error in that part of our opinion it would be insufficient reason for granting a rehearing unless there was evidence to support the averment. We searched the record carefully for such evidence before preparing the original opinion and found none. The defendant sought by its plea in bar to justify its acts and the burden was on it to furnish the necessary proof. What it may be able to do in this regard on another trial we cannot say, but certainly the record discloses that it offered no such evidence in the case that was before us. In this connection the complaint is made that it was not

argued in this court "that the defendant was not entitled to a lien because it had either failed to allege or prove that plaintiff had not harvested her crop in a proper manner." Counsel for the defendant is mistaken in this. It was argued and several questions were propounded from the bench regarding that phase of the case.

The next ground of complaint is that we incorrectly decided that the consent of the land commissioner was necessary to the defendant's right to enter upon the land and harvest the crop in order to protect its lien.

It is urged that under the contract the commissioner was powerless to withhold his consent and therefore the provision of the contract requiring it is of no force. We find nothing in the contract which renders the commissioner powerless to withhold his consent. The provision requiring his consent was undoubtedly intended to serve a good purpose since but for it the mill company would be, subject to judicial review, the sole judge of whether the homesteader was properly cultivating and harvesting the crop. It is also suggested that the commissioner's consent is to be implied from the provisions of the contract. We know of no such provisions nor are they called to our attention.

The complaint is also made that we committed error that may hereafter be prejudicial to the defendant in deciding that the plaintiff when she acquired her homestead also acquired the crop of sugar cane standing on the land. We did not decide nor intend to decide that under no circumstances could the plaintiff's ownership of the crop be disputed. What we did decide was that under the homestead contract between the plaintiff and the land commissioner the plaintiff took the land and the crop or crops growing thereon subject to any lien the defendant might have. The provision of the contract upon which this conclusion is based is quoted in our original opinion and need not be repeated.

Finally it is complained that we decided the case on a theory different from that upon which it was tried in the lower court. We think not. The issue before the lower court, like the issue before us, was whether the defendant under its plea in bar and under the evidence had justified its entry upon the plaintiff's land and its conduct in harvesting and disposing of the crop of sugar cane standing on the land.

In cases brought here for review we conceive that in reaching our conclusions we are not restricted entirely to the consideration of questions that were decided in the lower court. Our latitude is certainly broader than that. If for any reason that appears from the record and that is properly brought to our attention, the ruling upon which the judgment of this court is sought should be reversed, we would be remiss in our duty if we ignored it.

The petition is denied without argument under the rule.